IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case NO.2:07cr70-WHA |
| COURTNEY JERVONNE CASEY, | * | |
| Defendant. | * | |

**MOTION TO SUPPRESS AND BRIEF**

Comes now COURTNEY JERVONNE CASEY , the Defendant, through his Counsel of Record, Paul R. Cooper, and hereby files his motion to suppress all evidence and firearms seized and statements that he made.  As grounds, he states as follows:

**PROCEDURAL BACKGROUND**:

   1.  Courtney J. Casey is charged in  a sealed Indictment (Doc. 1), filed April 4, 2007 in the United States District Court for the Middle of Alabama.

   2. This is a a multi-defendant, multi-count indictment. Casey is charged in Count 6  as an ex-felon in possession of firearms: an Ithaca, Model M-66, 20 gauge shotgun and an Iver Johnson Model Champion .410 Shotgun,  in violation of 18 U.S.C.§ 922(g)(1).

   3.  In count 7 he is charged with the possession of the Ithaca, Model M-66, 20 gauge shotgun, not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §5861(d).

**FACTS**:

   4.  On December 21, 2005, Defendant was riding in a vehicle along with co-defendants Demetria Cheri Murphy and Perez Allen Mann.  Murphy was driving a 2000 Ford Explorer when it stopped running at mile marker 165 on Interstate 65 within the Middle District of Alabama.

   5.  Trooper Shawn Loughridge stopped to assist the defendants.

   6.  After some time, Loughridge persisted in advising the

Murphy that she needed to open the rear view cargo door to find a fuel shut off valve in order to start the vehicle.

7.      Defendants advised Loughridge that his help was not needed. However, Loughridge continued to insist upon their opening the rear cargo door, and would not leave.

8.      Finally, under the persistent pressure of Loughridge, Murhpy open the rear cargo door. Loughridge began to search the personal belongings and located two firearms: One Ithica shotgun, and One Iver Johnson, sawed-off, shotgun, which was an unregistered firearm -with no serial number- and a body armor vest.

9.      All defendants were arrested for being in possession of the sawed-off shotgun, the Iver Johnson in State District Court.

10.     Later, Casey was interviewed by Special Agents Timothy Fitzpatrick and Jennifer Rudden of the Bureau of Alchol, Tobacco, Firearms and Explosives, and gave a statement after he signed a waiver of his Miranda Rights.

**ISSUES PRESENTED:**

11. Courtney J. Casey moves to suppress all evidence seized including all firearms and the bullet proof vest. He further moves to suppress all statements made by him arising from these incidents and arrests.

12.     Defendant alleges that the seizures of evidence and firearms and statements obtained were unreasonable and violate the Fourth, Fifth, Sixth, Seventh, Eight, and Fourteenth Amendments to the United States Constitution.

13.     The Loughridge's initial stop to assist turned into pretextual search in order to find contraband. He had no probable cause and persisted in harassing Murhpy and defendants to open the rear cargo door. Once the cargo door was opened, Loughridge began an illegal search without probable cause in which the guns were seized.

14.     The search of the vehicle in which the firearms were found and seized was unreasonable and illegal because it was conducted without probable cause, without a valid arrest, arrest warrant, a search warrant, or court order, in violation of the Fourth and Fifth Amendments of the United States Constitution. All evidence seized should be excluded by application of <u>Weeks v. U.S.</u>, 232 U.S. 383,398 (1914), <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961).

15. Loughridge's failure to leave when requested turned the assistance into a traffic stop. A Police officer must have "an objective, reasonable suspicion of criminal activity", before he detains an individual for a traffic violation. (Terry v. Ohio, 392 U.S. 1(1968)). It was violation of Terry to have attempted to detain Defendant because there was no minor or often violated traffic violation. His persistence in helping defendants was a ruse to gain entry into the vehicle. This Court should determine whether "the facts available to the officer at the moment of the seizure or the search that `warrant a man of reasonable caution in the belief' that the action taken was appropriate[.]" Terry v. Ohio, 88 S.Ct. 1868, 1880 (1968).

15. There were no exigent circumstances or other exceptions to a warrant requirement to justify a warrantless search later at police headquarters.

16. All fruits of the illegal searches and seizures and the statements should be suppressed. U.S. v. Leon, 468 U.S. 897 (1984), Massachysetts v, Sheppard, 468 U.S. 981 (1984). All statements made by Davis are illegal as being "fruit of the poisonous tree".

S/Paul R. Cooper
Paul R. Cooper
COOPER & COOPER
12 Scott Street
Montgomery, AL 36104
Phone: (334)262-4887
Fax:   (334)262-4880
E-mail: prc@cooperandcooperlaw.com
ASB-1152-R78P

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Susan Redmond, Assistant United States Attorney, and I

hereby certify that I have mailed by United States Postal Service the documentation to the following non-CM/ECF participants: none.

                    Respectfully Submitted,

                    S/Paul R. Cooper
                    Paul R. Cooper
                    COOPER & COOPER
                    12 Scott Street
                    Montgomery, AL 36104
                    Phone: (334)262-4887
                    Fax:   (334)262-4880
                    E-mail: prc@cooperandcooperlaw.com
                    ASB-1152-R78P