IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No.   2:07-CR-70-WHA |
| ) | |
| COURTNEY JERVONNE CASEY ) | |
| ) | |

**RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files its response to Defendant's Motion to Suppress, filed on or about May 29, 2007, as follows:

1. Defendant moves to suppress evidence obtained as the product of a warrantless search of a vehicle, subsequent seizure of two firearms, and his statement, given after being advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), in violation of the Fourth and Fifth Amendments of the United States Constitution.

2. The gist of Defendant's argument is that when the officer (Trooper Shawn Loughridge of the Alabama State Troopers) stopped to give roadside assistance to the defendant and his co-defendants, and the driver of the vehicle, co-defendant Demetria Murphy, opened the trunk of the vehicle, the officer illegally searched "personal belongings" and located the two firearms.

3. The United States responds that the defendant's motion to suppress fails to allege facts that if proved, would establish the defendant's standing to contest a search.

## FACTS

4.  On December 21, 2005, the defendant was riding as a passenger in a car driven by Demetria Murphy (Murphy). The car, purportedly, experienced some technical difficulties which caused Murphy to pull onto the shoulder at mile marker 165 on Interstate I-65 southbound, within the Middle District of Alabama.

5.  State Trooper Shawn Loughridge (Loughridge), stopped to assist the stranded motorists who advised that the vehicle, a 2000 Ford Explorer, bearing license plate number G37TMP, registered to George Robert Dinaldi of Daytona Beach, Florida, has stopped running. The occupants advised that gas had been put in the car but it still wouldn't start. Loughridge suggested that they check the fuel shut off switch in the rear compartment of the vehicle. Murphy opened the cargo door and Loughridge saw, in plain view, two firearms and military ballistic body armor.

6.  Based on the fact that one of the firearms appeared to be a sawed-off shotgun, all three (3) subjects were arrested and the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) was contacted.

7.  ATF Agents Timothy Fitzpatrick and Dwight Brown responded and it was determined that the defendant is a prior convicted felon. The defendant was informed of his rights pursuant to <u>Miranda</u>, signed a standard form indicating his understanding of his rights, waived his rights and agreed to give a statement to the agents.

## LAW

8.  The Fourth Amendment in the Constitution of the United States provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures, shall not be violated". A party alleging an unconstitutional search under the Fourth Amendment must establish both a subjective and an objectively reasonable expectation of privacy in order to succeed. Katz v. United States, 389 U.S. 347 (1967). The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that "the privacy expectation be one that society is prepared to recognize as reasonable." Katz, supra; United States v. Robinson, 62 F.3d 1325 (11th Cir. 1995). The defendant bears the burden of proving a legitimate expectation of privacy in the areas searched. Rawlings v. Kentucky, 448 U.S. 98 (1980); United States v. Cooper, 133 F.3d 1394 (11th Cir. 1998).

## DISCUSSION

9.In the present case, the defendant has not established nor argued that he had or has an actual expectation of privacy in the 2000 Ford Explorer. The defendant has not claimed that he was an owner, lessee, or renter, nor has he claimed any possessory interest in any of the items seized.

10.Though the defendant may have an interest in his personal items located in the vehicle, he fails to claim that a search of **his** personal property resulted in the discovery of the seized contraband items.

11.Where a defendant in a motion to suppress fails to allege facts that if proved, would establish the defendant's standing to contest a search, the district court is not required to hold an evidentiary hearing. United States v. Cooper, 203 F.3d 1279 (11th Cir. 2000).

12.Based on the foregoing, the United States respectfully asserts that the

3

defendant is not entitled to an evidentiary hearing and requests this Court deny Defendant's Motion to Suppress.

    Respectfully submitted, this 31st day of May, 2007.

                    LEURA G. CANARY
                    UNITED STATES ATTORNEY

                    /s/ Susan R. Redmond
                    SUSAN R. REDMOND
                    Assistant United States Attorney
                    Post Office Box 197
                    Montgomery, Alabama 36101-0197
                    334.223-7280
                    334.223.7135   fax
                    susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.:  2:07-CR-70-WHA |
| | ) | |
| **COURTNEY JERVONNE CASEY** | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Paul R. Cooper.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ Susan R. Redmond
    SUSAN R. REDMOND
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    334.223-7280
    334.223.7135   fax
    susan.redmond@usdoj.gov